**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: AVERY W. VIAL,

No. 96-614

Movant.

On Motion for Authorization to
File Successive Application.
(CR-92-64)

Argued: December 3, 1996

Decided: June 16, 1997

Before WILKINSON, Chief Judge, and RUSSELL, WIDENER,
HALL, MURNAGHAN, ERVIN, WILKINS, NIEMEYER,
HAMILTON, LUTTIG, WILLIAMS, MICHAEL, and MOTZ,
Circuit Judges, sitting en banc.

_____

Motion denied by published opinion. Judge Wilkins wrote the major-
ity opinion, in which Chief Judge Wilkinson and Judges Russell,
Widener, Ervin, Niemeyer, Williams, and Motz join. Judge Hamilton
wrote an opinion concurring in the judgment, in which Judge Motz
joins. Judge Luttig joins in the judgment. Judge Hall wrote a dissent-
ing opinion, in which Judges Murnaghan and Michael join.

_____

**COUNSEL**

**ARGUED:** Lee W. Kilduff, MORCHOWER, LUXTON & WHA-
LEY, Richmond, Virginia, for Movant. Vicki S. Marani, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
United States. **ON BRIEF:** Michael Morchower, MORCHOWER,
LUXTON & WHALEY, Richmond, Virginia, for Movant. Janice

McKenzie Cole, United States Attorney, John S. Bowler, Assistant United States Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for United States.

_____

**OPINION**

WILKINS, Circuit Judge:

We convened en banc to consider Avery W. Vial's request for permission to file a second or successive motion to vacate his sentence. See 28 U.S.C.A. § 2255 (West 1994), as amended by Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, sec. 105, 110 Stat. 1214, 1220.**1** Vial contends that the decision of the Supreme Court in Bailey v. United States , 116 S. Ct. 501 (1995), establishes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" within the meaning of § 2255, thereby entitling him to permission to file a second or successive motion.**2** We disagree and accordingly deny Vial's request.

I.

In 1992, Vial was convicted of conspiracy to possess with the intent to distribute cocaine, see 21 U.S.C.A. § 846 (West Supp. 1997), and of using or carrying a firearm during and in relation to a drug trafficking offense, see 18 U.S.C.A. § 924(c)(1) (West Supp. 1997); he was sentenced to 157 months imprisonment. We subsequently affirmed the judgment on direct appeal. See United States v. Vial, 21 F.3d 426 (4th Cir. 1994) (unpublished table decision) (per curiam).

In 1994, Vial filed a pro se motion to vacate his sentence pursuant

_____

**1** The AEDPA, in pertinent part, also amended 28 U.S.C.A. §§ 2244, 2253, 2254 (West 1994 & Supp. 1997). See AEDPA secs. 101-102, 104, 106. Unless otherwise noted, citations to these provisions are to the amended versions.
**2** Vial also requests permission to present a claim to the district court based on an alleged sentencing error. We address this claim separately below.

to § 2255, challenging, <u>inter alia</u>, the sufficiency of the evidence supporting his § 924(c)(1) conviction. The district court denied the motion, concluding with respect to the § 924(c)(1) claim that it was procedurally barred because Vial had made the same argument on direct appeal and because his § 2255 motion did not allege an intervening change in the law. <u>See Davis v. United States</u>, 417 U.S. 333, 342 (1974). We affirmed. <u>See United States v. Vial</u>, 43 F.3d 1469 (4th Cir. 1994) (unpublished table decision) (per curiam).

In September 1996, Vial filed another § 2255 motion in federal district court, alleging that his § 924(c)(1) conviction was unconstitutional in light of <u>Bailey</u>. The district court dismissed the action without prejudice to allow Vial to seek permission from this court to file a second or successive motion as required by§ 2255. Vial subsequently moved this court for the appropriate certification. In light of conflicting rulings within the circuit regarding whether § 2255 allows us to authorize the filing of a second or successive motion to vacate sentence that alleges the illegality of a § 924(c)(1) conviction under <u>Bailey</u>, we elected to consider Vial's request en banc.**3**

II.

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal postconviction relief from judgments of conviction entered in federal and state courts. **4** Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C.A. § 2254. Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence

_____

**3** In doing so, we exceeded the 30-day time limitation established by 28 U.S.C.A. § 2244(b)(3)(D) for decisions on requests for permission to institute a second or successive § 2255 proceeding. We are convinced, however, that the importance of the issue presented justified the delay.
**4** The AEDPA added new Chapter 154, setting forth special procedures for § 2254 actions brought by indigent prisoners in state custody subject to a capital sentence when the state has established a mechanism for the appointment, compensation, and payment of reasonable litigation expenses of competent counsel in state postconviction proceedings in accordance with certain statutory guidelines. <u>See</u> AEDPA sec. 107.

3

pursuant to 28 U.S.C.A. § 2255. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); see also Davis, 417 U.S. at 343 (noting "that § 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus"); United States v. Hayman, 342 U.S. 205, 219 (1952) ("Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. On the contrary, the sole purpose [in enacting § 2255] was to minimize the difficulties encountered in habeas corpus proceedings by affording the same rights in another and more convenient forum."). When, however, § 2255 proves "inadequate or ineffective to test the legality of ... detention," a federal prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C.A.§ 2241 (West 1994).[5] 28 U.S.C.A. § 2255.

The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief.[6]  See Felker v. Turpin, 116 S. Ct. 2333, 2340 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. See 28 U.S.C.A. §§ 2244(b), 2255. As pertinent to this case,§ 2255 provides that a

_____

[5] For example, attacks on the execution of a sentence are properly raised in a § 2241 petition. See Bradshaw , 86 F.3d at 166; see also Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982) (noting that a federal prisoner's challenge to parole revocation proceedings is properly brought under § 2241). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), or because an individual is procedurally barred from filing a § 2255 motion, see Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C. Cir. 1986) (per curiam).
[6] The parties do not dispute that the meaning of "second or successive" is the same under the AEDPA as under prior law. See Benton v. Washington, 106 F.3d 162, 164 (7th Cir. 1996); Camarano v. Irvin, 98 F.3d 44, 46 (2d Cir. 1996) (per curiam).

4

court of appeals may authorize the filing of a second or successive § 2255 motion only if the movant's application contains a claim based upon--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255.**7**

Vial principally maintains that his application for permission to file a second or successive § 2255 motion satisfies the latter criterion. He asserts that in Bailey the Supreme Court created "a new rule of constitutional law" and that the Supreme Court has made the Bailey rule available in collateral review proceedings. We disagree with both of these assertions.

A.

In Bailey, the Supreme Court held that in order to convict a defendant of "using" a firearm within the meaning of § 924(c)(1), the Government must show that the defendant actively employed the weapon. Bailey, 116 S. Ct. at 505. Vial--whose § 924(c)(1) conviction was based on a pre-Bailey definition of use--maintains that Bailey amounts to a new rule of constitutional law and thus may form the basis for a second or successive § 2255 motion under the AEDPA. In making this argument, Vial concedes that the Bailey Court clearly considered itself to be engaged in statutory construction rather than constitutional rulemaking. See id. (explaining that "[w]e granted certiorari to clarify the meaning of `use' under§ 924(c)(1)"); id. at 506

_____

**7** The procedures applicable to consideration by a circuit court of appeals of a request for permission to file a second or successive § 2255 motion are set forth in § 2244(b)(3).

5

(noting that "[t]he meaning of statutory language" depends in part on the context in which the language is used) (internal quotation marks omitted). Indeed, the Bailey Court neither referred to, nor relied upon, any provision of the Constitution as support for its holding.

Nevertheless, Vial maintains, Bailey established a rule "of" constitutional law within the meaning of § 2255 in the sense that the holding in Bailey is derived from constitutional principles. Specifically, Vial asserts that the Bailey Court relied on the rule of lenity to guide its construction of the term "uses" in § 924(c)(1). Vial further posits that the rule of lenity "is anchored in at least four values of constitutional gravity: fair notice, majoritarian policy-making, federalism, and ... the separation of powers." Movant's Br. at 7. Thus, Vial argues, because Bailey is based on the rule of lenity, which is founded in turn upon constitutional principles, Bailey is a rule "of" constitutional law.

We need not analyze the constitutional underpinnings of the rule of lenity in order to reject Vial's argument for the simple reason that the Bailey Court did not even mention the rule of lenity, much less rely upon it. Moreover, when, as in Bailey, the meaning of a statute may be determined from an examination of its "language, context, and history," Bailey, 116 S. Ct. at 506, application of the rule of lenity is inappropriate, see Chapman v. United States , 500 U.S. 453, 463 (1991) (explaining that the rule of lenity does not apply unless a statute remains ambiguous even after a court has considered every source available to aid in interpretation).

We hold that the decision of the Supreme Court in Bailey did not announce a new rule of constitutional law and accordingly may not form the basis for a second or successive motion to vacate sentence pursuant to 28 U.S.C.A. § 2255. In reaching this conclusion, we join the other circuit courts of appeals that have considered this question. See Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam); United States v. Lorentsen, 106 F.3d 278, 279 (9th Cir. 1997); In re Blackshire, 98 F.3d 1293, 1294 (11th Cir. 1996) (per curiam); Nunez v. United States, 96 F.3d 990, 992 (7th Cir. 1996).

B.

We also reject Vial's argument that Bailey has been "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C.A.

6

§ 2255. Vial acknowledges that the Supreme Court did not state in Bailey that its decision applied to cases on collateral review. Based on this fact and the plain language of the statute, the Government maintains that Vial is not entitled to file a second or successive § 2255 motion because, even if Bailey announced a rule of constitutional law, the Court did not explicitly state that the rule was available on collateral review. Vial protests such a literal reading of the statute, arguing that Bailey is available on collateral review pursuant to Supreme Court precedent. See Sanders v. United States, 373 U.S. 1, 16-17 (1963) (concluding that an intervening change in the law justifies the filing of a § 2255 motion on an issue previously decided); see also McCleskey v. Zant, 499 U.S. 467, 494 (1991) (noting that "`a showing that the factual or legal basis for a claim was not reasonably available'" constitutes cause for failing to raise the claim in a previous proceeding) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Essentially, Vial urges us to interpret the phrase "made retroactive to cases on collateral review by the Supreme Court" to encompass those situations in which the Supreme Court does not declare the collateral applicability of a rule simultaneously with its announcement, but in which Supreme Court precedent establishes that the new rule is of the type available to those proceeding on collateral review. When a new rule of constitutional law is announced on direct review, Vial's proposed reading of the statute would spare those prisoners who have already pursued postconviction remedies the burden of waiting to institute a second or successive § 2255 proceeding until the Supreme Court either announces that the rule is available in collateral proceedings or applies the rule on collateral review.**8**

_____

**8** Of course, it seems unlikely that the Supreme Court would grant certiorari to declare the applicability of a rule announced on direct review to collateral proceedings when--as is the case with Bailey--lower federal courts uniformly rule in favor of collateral availability. See, e.g., Rodgers v. United States, 99 F.3d 1139, 1996 WL 607140, at **1-**2 (6th Cir. 1996) (unpublished table decision); United States v. Barnhardt, 93 F.3d 706, 708-09 (10th Cir. 1996); United States v. Garcia, 77 F.3d 274, 276-77 (9th Cir. 1996) (applying Bailey to conviction on collateral review); United States v. Cota-Loaiza, 936 F. Supp. 751, 753-54 (D. Colo. 1996) (noting that "all of the courts ... that have considered it have held Bailey applies retroactively" and collecting cases).

7

As appealing as Vial's position may be, however, it is contrary to the plain language of the AEDPA. The language of § 2255 establishes that a new rule of constitutional law is not available to individuals seeking to file second or successive motions for postconviction relief until the Supreme Court declares the applicability of that particular rule to collateral proceedings. We are without authority to disregard the plain language of a statute except in the rare circumstances in which there is "a clearly expressed legislative intent to the contrary," Reves v. Ernst & Young, 507 U.S. 170, 177 (1993) (internal quotation marks omitted), literal application of the statute would frustrate its purpose, Griffin v. Oceanic Contractors, Inc. , 458 U.S. 564, 571 (1982), or literal application would lead to an absurd result, United States v. American Trucking Ass'ns, 310 U.S. 534, 543 (1940). Here, the sparse legislative history supports the view that, in order to be available to an individual pursuing a second or successive § 2255 motion, a new rule of constitutional law must itself be declared applicable to cases on collateral review by the Supreme Court. See H.R. Conf. Rep. No. 104-518, at 111 (1996), reprinted in 1996 U.S.C.C.A.N. 924, 944 (noting that second and successive applications for postconviction relief are permissible under the AEDPA only if they "involve new constitutional rights that have been retroactively applied by the Supreme Court"). Moreover, literal application of the phrase "made retroactive to cases on collateral review by the Supreme Court" would not thwart Congress' obvious purpose "to curb the abuse of" avenues for collateral attacks on convictions. Id. Furthermore, literal application of the statutory language does not produce a result so "inconsistent with [public] policy and abhorrent to the sense of justice" as to warrant disregarding the plain language of the statute on the basis of its absurdity. Sorrells v. United States, 287 U.S. 435, 449 (1932).

Accordingly, we conclude that a new rule of constitutional law has been "made retroactive to cases on collateral review by the Supreme Court" within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding. Because the Supreme Court has done neither with respect to the rule announced in Bailey, Vial would not be entitled to file a successive

8

§ 2255 motion based on Bailey even if it contained a rule of constitutional law.**9**

III.

Vial maintains that if § 2255 bars us from granting him permission to file a second or successive motion to vacate his sentence, the provision is unconstitutional as a suspension of the writ of habeas corpus. See U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."). **10** According to Vial, the

_____

**9** A one-year statute of limitations applies to motions filed pursuant to § 2255. Although the timeliness of Vial's motion to institute a second or successive § 2255 proceeding is not disputed, we nevertheless find it worthwhile to clarify the precise reason why his motion is timely.

The limitations period imposed by § 2255 begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255. Vial's assertion of a claim based upon a new rule of law implicates clause (3) of the limitations provision. And, since the Supreme Court has not yet ruled on the collateral availability of the rule in Bailey, the limitations period has not yet begun to run. Therefore, Vial's motion for permission to institute a second or successive § 2255 proceeding is not time barred.

**10** Vial presents this issue as a claim that § 2255 abrogates his Fifth Amendment right to substantive due process. Given that Vial does not

limitations on second and successive § 2255 motions constitute a suspension of the writ because they deprive him of any means of presenting his Bailey claim to the courts.

Vial's constitutional argument is foreclosed by the recent decision of the Supreme Court in Felker v. Turpin, 116 S. Ct. 2333, 2339-40 (1996). In Felker, the Supreme Court determined that the provision of the AEDPA limiting second and successive habeas corpus petitions by persons convicted in state courts does not constitute a suspension of the writ. See id. Rather, the Court stated that the limitations imposed by the AEDPA were simply an illustration of the longstanding principle that "`the power to award the writ by any of the courts of the United States, must be given by written law.'" Id. at 2340 (quoting Ex parte Bollman, 8 U.S. (4 Cranch) 75, 94 (1807)). The limitations on habeas corpus relief from state-court judgments of conviction contained in the AEDPA, the Court reasoned, amounted to an entirely proper exercise of Congress' judgment regarding the proper scope of the writ[11] and fell "well within the compass of [the] evolutionary process" surrounding the doctrine of abuse of the writ. Id. We conclude that the reasoning of the Court with respect to limitations on second and successive habeas petitions pursuant to § 2254 applies with equal force to the identical language in § 2255. Accordingly, the

_____

possess a Fifth Amendment right to attack his sentence in a collateral proceeding, see United States v. MacCollom, 426 U.S. 317, 323 (1976) (plurality opinion), this argument is more appropriately considered as a contention that § 2255 suspends the writ.

[11] In reaching this conclusion, the Court "assume[d] ... that the Suspension Clause of the Constitution refers to the writ as it exists today, rather than as it existed in 1789." Felker, 116 S. Ct. at 2340. Although we need not address this issue, we note that the Seventh Circuit has reasoned persuasively that the right to collateral review of state-court judgments of courts possessing jurisdiction is statutory, not constitutional, in nature and thus may be restricted as Congress sees fit. See Lindh v. Murphy, 96 F.3d 856, 867-68 (7th Cir. 1996) (en banc) ("Any suggestion that the Suspension Clause forbids every contraction of the powers bestowed by Congress in 1885, and expanded by the 1948 and 1966 amendments to § 2254, is untenable. The Suspension Clause is not a ratchet."), cert. granted, 117 S. Ct. 726 (1997).

10

limitations imposed on second and successive § 2255 motions by the AEDPA do not constitute a suspension of the writ.

IV.

We also reject Vial's request for permission to challenge the amount of cocaine attributed to him by the district court for sentencing purposes. Vial does not argue that this claim, which is based on our decision in United States v. Irvin, 2 F.3d 72 (4th Cir. 1993), rests on a new rule of constitutional law. And, Vial cannot pursue this claim under the "newly discovered evidence" exception to the bar on second and successive § 2255 proceedings because that exception applies only to challenges to the underlying conviction; it is not available to assert sentencing error. 28 U.S.C.A. § 2255 (providing that a second or successive § 2255 motion must be certified by the appropriate court of appeals to contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense").[12]

V.

In sum, we hold that the decision of the Supreme Court in Bailey does not establish "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" as required by 28 U.S.C.A. § 2255, as that provision has been amended by the

_____

[12] We need not address the question of whether, under the AEDPA, an individual subject to a sentence of death may assert the existence of new evidence establishing that the sentence was imposed improperly, i.e., that he is "innocent" of the death penalty.

[13] We assume without deciding that the limitations on second and successive § 2255 motions contained in the AEDPA apply to Vial. Accordingly, we do not address the question of whether application of the AEDPA to Vial offends the "familiar considerations of fair notice, reasonable reliance, and settled expectations" supporting the presumption against statutory retroactivity. Landgraf v. USI Film Prods., 511 U.S. 244, 270 (1994). We note, however, that a number of circuit courts of appeals have grappled with the retroactivity issue. See, e.g., Jeffries v. Wood, No. 95-99003, 1997 WL 253326 (9th Cir. May 12, 1997) (en banc); Drinkard v. Johnson, 97 F.3d 751, 765-66 (5th Cir. 1996), cert.

11

AEDPA.**13** Accordingly, we deny the motion for permission to institute a second or successive § 2255 proceeding.

DENIED

HAMILTON, Circuit Judge, concurring in the judgment:

I concur in the judgment of the court. I write further only to note that Vial has not requested relief by way of habeas corpus under 28 U.S.C. § 2241, or by way of an extraordinary writ under the All Writs Act, 28 U.S.C. § 1651. Because Vial has not pursued all avenues of relief, and been denied such relief, the issue of whether the "gatekeeping" provisions of the AEDPA, as applied to Vial, violate his rights under the Due Process Clause is not properly before us.

Judge Motz joins in this opinion concurring in the judgment of the court.

HALL, Circuit Judge, dissenting:

On the discrete issue, I agree with the majority's conclusion that Bailey does not announce a "new rule of constitutional law." However, I dissent from the judgment denying Vial's motion to file a second motion under 28 U.S.C. § 2255 because I believe that the "successive-motion" provision of the AEDPA cannot constitutionally apply in this case. Inasmuch as this case was selected as the vehicle for announcing this court's views on how the AEDPA affects successive § 2255 motions raising Bailey claims, we should reach the retroactivity issue rather than merely assuming, as the majority does, ante at 16 n.13, that the new statute applies here.

_____

denied, 117 S. Ct. 1114 (1997); Lindh v. Murphy, 96 F.3d 856, 861-67 (7th Cir. 1996) (en banc); United States v. Lopez, 100 F.3d 113, 116-17 (10th Cir. 1996); Hunter v. United States, 101 F.3d 1565, 1568-73 (11th Cir. 1996) (en banc), cert. denied, 65 U.S.L.W. 3749 (U.S. May 12, 1997) (No. 96-1443). And, the Supreme Court has recently granted certiorari to consider the application by the Seventh Circuit of the retroactivity jurisprudence of the Court. See Lindh v. Murphy, 117 S. Ct. 726 (1997). Here, the parties have neither briefed nor argued the retroactivity issue; accordingly, we do not address it.

The Supreme Court has recently granted certiorari to consider the retroactive effect of § 104(3) of the AEDPA, which specifies the standards that federal courts should use in § 2254 actions in reviewing the legal determinations of state courts. See Lindh v. Murphy, 96 F.3d 856 (7th Cir. 1996) (en banc), petition for cert. granted in part, 117 S. Ct. 726 (1997). Although the Court's opinion will undoubtedly provide some guidance on the retroactivity issue left unanswered in our case, it may not be dispositive. The retroactivity analysis may well have to be applied separately to discrete parts of the AEDPA. See Landgraf v. USI Film Products, 114 S.Ct. 1483, 1505 (1994) ("[T]here is no special reason to think that all provisions of the[Civil Rights Act of 1991] must be treated uniformly for [retroactivity] purposes."). For example, the substitution of the circuit court in place of the district court as the gatekeeper against successive claims would appear to raise no retroactivity concerns; there is no reasonable expectation that a certain tribunal will adjudicate one's claims. See id. at 1502. Similarly, requiring a court order prior to the filing of a successive § 2255 motion, rather than permitting the filing of the motion and awaiting the inevitable "abuse of the writ" or "successive motion" defense, is not the sort of procedural change that "upsets expectations based in prior law." Id. at 1499, 1502. However, the higher gate presented by AEDPA's "new rule of constitutional law" provision has the sort of retroactive effect that Landgraf forbids.

At present, there is no consensus in sight among the federal courts on these retroactivity questions. Compare Lindh , 96 F.3d at 861-67 (new standards of review apply); Drinkard v. Johnson, 97 F.3d 751, 764-66 (5th Cir. 1996) (same), cert. denied, 117 S. Ct. 1114 (1997); with Boria v. Keane, 90 F.3d 36 (2nd Cir.) (per curiam) (new standards of review do not apply), petition for cert. filed, 65 U.S.L.W. 3342 (Oct. 11, 1996) (No. 96-628); and compare United States v. Lopez, 100 F.3d 113 (10th Cir. 1996) (certificate of appealability requirement and one-year filing limit do not apply to cases pending on AEDPA's effective date); with Hunter v. United States, 101 F.3d 1565, 1568-73 (11th Cir. 1996) (certificate of appealability requirement applies to § 2254 cases pending on effective date, where no application for a certificate of probable cause had yet been applied for, and in § 2255 cases, where no notice of appeal had yet been filed), petition for cert. filed, ___ U.S.L.W. ___ (Mar. 10, 1997) (No. 96-1443); Lozada v. United States, No. 96-2887, 1997 WL 99719

13

(2nd Cir. Mar. 10, 1997) (same; § 2255 case). The two courts of appeals that have addressed the successive-motion issue would not apply the AEDPA's provisions to successive habeas petitions filed prior to its effective date. See Lindh, 96 F.3d at 863 ("[A] second or successive petition already pending on April 24[1996] does not require prior approval of the court of appeals under§ 106 [of the AEDPA]") (dicta); Williams v. Calderon, 83 F.3d 281, 285 (9th Cir. 1996) (AEDPA's successive-petition procedure inapplicable to petitions pending on effective date, and post-AEDPA amendment to pending petition would relate back to filing date). I think that these decisions are correct. Moreover, I would extend this rule to cases such as Vial's, in which a prisoner has filed his first§ 2255 motion before the AEDPA's effective date and his second thereafter.

Under Landgraf, "the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." 114 S. Ct. at 1499. This in turn requires the court to identify the "relevant retroactivity event" to which these consequences attach. Id. at 1524-25. (Scalia, J., concurring in the judgments). Where successive § 2255 motions are involved, the "relevant retroactivity event" is obviously the filing of the earlier motion(s). See Burris v. Parke, 95 F.3d 465, 468 (7th Cir. 1996) ("The completed event to which the new statute [§ 106(b)(2) of the AEDPA] attaches new legal consequences is the filing of his first [§ 2254] petition . . . . ").* The legal

_____

*It is no answer to say that we do not need to reach the retroactivity issue because Vial would have ultimately lost under the pre-AEDPA rules anyway. I realize that Vial has an uphill battle once the merits of his claim are considered. Under a cause-and-prejudice standard, see McCleskey v. Zant, 499 U.S. 467, 493-94 (1991), the intervening decision in Bailey would suffice to clear the cause hurdle. See Sanders v. United States, 373 U.S. 1, 17 (1963) (intervening change in the law may justify the filing of a § 2255 motion on an issue previously decided). On the other hand, Vial would probably be unable to show "actual prejudice" because there is no "substantial likelihood" that a properly instructed jury would have acquitted him of "carrying" the firearm. United States v. Frady, 456 U.S. 152, 172 (1982).

But Vial's case is hardly the paradigm. Many persons are in jail today where a pre-Bailey instruction resulted in a conviction on facts such as those in United States v. Smith, 94 F.3d 122, 124 (4th Cir. 1996) ("The

14

consequence effected by the AEDPA's successive-motion provisions is to slam the gate shut against claims raising <u>Bailey</u> if the prisoner were relying on the gate remaining open for such claims.

There are, without question, many prisoners serving § 924(c)(1) sentences who could avail themselves of the <u>Bailey</u> decision. Many of them, in reliance on the well-established line of cases in this and other circuits, no doubt directed their initial post-conviction efforts towards other potentially more fruitful areas rather than take up their time (and ours) with a seemingly dead-letter issue. <u>See Bailey</u>, 116 S. Ct. at 505 (noting that "§ 924(c)(1) has been the source of much perplexity in the courts."); <u>United States v. Brockington</u>, 849 F.2d 872, 876 (4th Cir. 1988) (stating this circuit's rule). When they filed their initial § 2255 motions, then, their "settled expectation" was that it was neither pressing nor especially worthwhile that the "use" issue be raised. These prisoners knew that an unforeseen, drastic change in how "use" was defined could be raised by simply filing a second § 2255 motion, negotiating the cause and prejudice hurdles, and obtaining relief. Had the AEDPA been in effect when the prisoners first filed, perhaps they would have included a claim attacking the "use" instruction, as well as any other conceivable claim. Under the AEDPA, prisoners would be well advised to include any claim with even the remotest chance of success. Indeed, one of the purposes of the AEDPA is to cut down on innumerable filings. Applying the successive-motion provision to prisoners like Vial, however, offends the "familiar considerations of notice, reasonable reliance, and settled expectations" that militate against retroactive application of a statute. <u>Landgraf</u> at 1499.

I would grant the application to file the successive § 2255 motion.

Judge Murnaghan and Judge Michael join in this dissenting opinion.

_____

only testimony regarding the second weapon . . . was that it `belonged' to Smith during the time that he was distributing crack cocaine."). These prisoners would have no difficulty establishing "prejudice." No error is more prejudicial than one that deprives an innocent man of his life or liberty.

15