**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALVIN S. JACK,
Petitioner-Appellant,

v.                                                                                    No. 98-7015

STEPHEN DEWALT, Warden,
Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-98-369-3)

Submitted: January 12, 1999

Decided: February 12, 1999

Before NIEMEYER and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas Edward Dempsey, VERGARA & ASSOCIATES, Hopewell,
Virginia, for Appellant. Helen F. Fahey, United States Attorney, G.
Wingate Grant, Assistant United States Attorney, Richmond, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alvin S. Jack appeals the district court's order dismissing his collateral attack on his 1992 conviction for drug trafficking offenses. See 21 U.S.C. § 952(a) (1994); 21 U.S.C. § 963 (1994). In an attempt to circumvent the limitations on second or successive motions imposed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, Jack described his motion as a petition for habeas corpus relief under 28 U.S.C. § 2241 (1994). Because of the nature of the relief Jack sought, the district court construed the petition as a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), and dismissed Jack's motion. Jack appeals this final order.

A petition under § 2241 is an available avenue of collateral attack for a federal prisoner serving a federal sentence only where a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also Swain v. Pressley, 430 U.S. 372, 381 (1977). On appeal, as in the district court, Jack claims that a motion under § 2255 is inadequate or ineffective because he has unsuccessfully appealed the denial of his prior § 2255 motion. Jack asserts that he has "no other alternative" than to file this § 2241 petition. We have stated that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or . . . is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted). Because Jack has merely claimed that he has previously been unsuccessful in obtaining § 2255 relief, he has failed to show that the proceedings under § 2255 were somehow "inadequate or ineffective."

In his reply brief, Jack argues that because he has not had "one fair opportunity" to raise the claims he asserts in this latest collateral attack, he should be able to utilize § 2241 to present those claims not-

2

withstanding his prior attempt under § 2255. Cf. In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (holding § 2241 authorized when movant has not had a "reasonable opportunity"); Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997) (allowing § 2241 when not doing so presented "serious constitutional questions"); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (deciding § 2241 allowed to avoid a "complete miscarriage of justice"). Even assuming Jack presented this argument to the district court, Jack has not shown how his direct appeal and first attempt at § 2255 relief did not constitute a "fair opportunity" to raise his claims. Jack's position is undermined by the fact that this court rejected two of the three "new" claims in his direct appeal. See United States v. Jack, No. 92-5334 (4th Cir. Mar. 26, 1993) (unpublished). Similarly, the district court rejected the third ground for relief raised in the instant motion in dismissing Jack's prior § 2255 motion. Jack's assertion that he has not had a "fair opportunity" to raise his claims is belied by the record, and does not render § 2255 "inadequate or ineffective." See In re Davenport, 147 F.3d at 611.

As a result, we deny a certificate of appealability and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

DISMISSED

3