Luis Raul **RIVERA–GOMEZ**,
Petitioner,

v.

**R.E. HOLT, Warden, U.S. Penitentiary, Florence, Florence, Colorado 81226,**
**Respondent.**

No. Civ. 00–1563(JAF).

United States District Court,
D. Puerto Rico.

June 29, 2000.

Luis Raul Rivera–Gomez, Florence, CO, petitioner pro se.

## OPINION AND ORDER

FUSTE, District Judge.

Petitioner Luis Raúl Rivera–Gómez, a prisoner at the United States Penitentiary in Florence, Colorado ("penitentiary"), brings this habeas petition asking that we vacate his sentence pursuant to 28 U.S.C. § 2241 (1994).

### I.

A jury convicted Petitioner of three counts of carjacking pursuant to 18 U.S.C. § 2119 (1996), and three counts of aiding and abetting the use and carriage of firearms during and in relation to a crime of violence pursuant to 18 U.S.C. §§ 2(a) (2000) and 924(c) (2000). The district court sentenced him to concurrent 180–month incarceration sentences for the first two carjacking counts, life imprisonment for the third carjacking count, and concurrent five-year sentences for the firearms counts.

Pursuant to 28 U.S.C. § 2255 (1994), Petitioner filed a habeas petition alleging three errors by the district court: (1) erroneous admission of evidence; (2) failure to declare a mistrial; and (3) unconstitutional application of the life sentence. The district court denied Petitioner's petition and he appealed. The First Circuit affirmed the district court's determination.

Petitioner then attempted to file a successive habeas petition alleging a new rule of constitutional law based upon 28 U.S.C. § 2255 as articulated in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). The First Circuit denied the motion on the grounds that the Court expressly did not assert any new rule of constitutional law in *Jones*, 526 U.S. at 227, 119 S.Ct. 1215.

Now, Petitioner moves for habeas relief pursuant to 28 U.S.C. § 2241, alleging erroneous interpretation of the statute upon which he was convicted based upon the Supreme Court's holding in *Jones*, 526 U.S. at 227, 119 S.Ct. 1215.

### II.

We are presented with a somewhat unique situation in that Petitioner seeks to file a section 2241 motion subsequent to the denial of his section 2255 motion. This is an area which has not been addressed by the First Circuit. However, other circuits have examined the issue in the context of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).[1] *See Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605 (7th

---

1. *Bailey* involved a substantive change to the requirements for "use" of a firearm under 18 U.S.C.A. § 924(c)(1). *See* 516 U.S. at 137, 116 S.Ct. 501. As a result, prisoners flooded the courts with habeas petitions urging a new rule of constitutional law justified their release.

Cir.1998); *Triestman v. United States,* 124 F.3d 361 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245 (3rd Cir.1997); *In re Vial,* 115 F.3d 1192 (4th Cir.1997) (en banc); *United States v. Lorentsen,* 106 F.3d 278 (9th Cir.1997). The analyses in these cases are useful because the basic issue which they examined was the same one with which we are faced: does the savings clause in section 2255[2] permit filing of Petitioner's claims under section 2241?[3]

Each of the Circuits adopted a different holding, but the main contention emanating from the decisions is that the savings clause of section 2255 does not permit petitions which would be prohibited otherwise because of procedural bar or denial of previous motions. The Fourth Circuit unequivocally stated:

> [T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision ... or because an individual is procedurally barred from filing a § 2255 motion....

*In re Vial,* 115 F.3d at 1194 & n. 5; *see also In re Davenport,* 147 F.3d at 608 (finding that the savings clause does not permit § 2241 motions to be filed whenever § 2255 bars a second or successive petition); *In re Dorsainvil,* 119 F.3d at 251 (noting that savings clause could not be invoked when a petitioner fails to meet "stringent gatekeeping requirements of § 2255" because to do so would "effectively eviscerate Congress's intent in amending § 2255"). Nonetheless, each Circuit recognized the possible viability of a section 2241 claim which is filed subsequent to a denied section 2255 claim. The circuits differ slightly as to the interpretations and

---

**2.** Section 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (1994) (emphasis added).

**3.** Section 2241 provides:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
> (b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.
> (c) The writ of habeas corpus shall not extend to a prisoner unless—
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
> (5) It is necessary to bring him into court to testify or for trial.
> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241 (1994).

requirements for a viable section 2241 claim.

 We are most persuaded by the reasoning of the Ninth Circuit in *Wofford*, 177 F.3d at 1236. The court thoroughly analyzed the legislative history of the amendment to section 2255 and all prior case law on the topic before reaching its holding. The Circuit determined:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Id.* We find this to be a sagacious approach and, therefore, adopt it in our analysis of the instant case.

We need go no further than the first prong to deny Petitioner's current claim. As the First Circuit pointed out to Petitioner in his previous failed successive petition:

> According to the Supreme Court itself, *Jones* did "not announce any new principle of constitutional law but merely interpret[ed] a federal statute in light of a set of constitutional concerns that ha[d] emerged through a series of . . . decisions over the past quarter century." Since the Supreme Court does "not express a new rule of constitutional law . . . when it merely interpret[s] a substantive criminal statute using rules of statutory construction, petitioner's claim fails." This conclusion is not altered by the fact that *Jones* "interprets a federal statute in light of a set of constitutional concerns" since the decision is still fundamentally one of statutory construction. Furthermore, insofar as *Jones* did involve constitutional principles, the Supreme Court stated explicitly that those principles were not "new."

*See Docket Document No. 1, Attachment 4* (internal citations omitted). Hence, Petitioner's claim fails because there is no new rule of constitutional law to be applied retroactively in this case.

### III.

In accordance with the foregoing, we **DENY** Petitioner's motion for a writ of habeas corpus.

**IT IS SO ORDERED.**