**Kenneth Wayne WOODFIN, Petitioner,**

v.

**Ronald ANGELONE, Respondent.**

**No. CIV.A. 301CV824.**

United States District Court,
E.D. Virginia,
Richmond Division.

June 11, 2002.

---

Kenneth Wayne Woodfin, Craigsville, VA, Pro se.

Richard B. Smith, Office Of The Attorney General, Richmond, VA, for Respondent.

## MEMORANDUM OPINION

LOWE, United States Magistrate Judge.

Petitioner, Kenneth Wayne Woodfin, a Virginia state inmate proceeding *pro se,* brings this petition for a writ of habeas corpus challenging his convictions and sentences for malicious wounding and use of a firearm in the commission of a felony. Respondent has moved to dismiss and has provided Petitioner with an appropriate *Roseboro* notice. Petitioner has responded. The matter is ripe for disposition. Jurisdiction is proper pursuant to 28 U.S.C. § 636(c).

Petitioner's claims may be summarized as follows:

1. Petitioner's detention is unlawful because he is actually innocent;

2. Petitioner was denied effective assistance of counsel at trial and on appeal;

3. Petitioner's waiver [of counsel] was not intelligently and voluntarily given;

4. Petitioner did not have the effective assistance of counsel during his trial or on appeal as guaranteed by the state and federal constitutions;

5. Petitioner's counsel on appeal was ineffective for not asserting the meritorious claim that Petitioner's waiver was [not] knowingly and intelligently made on appeal;

6. The court erred in allowing Petitioner to waive counsel, thus depriving Petitioner of the effective assistance of counsel;

7. Petitioner's counsel was grossly ineffective on appeal when he amended Petitioner's claims without Petitioner's consent after Petitioner requested that he raise a claim that the waiver of counsel was not knowingly and intelligently made; and

8. The court erred in not dismissing the indictment after the prosecutor intentionally caused a mistrial after Petitioner took the stand and presented an alibi defense.

## SUMMARY OF THE RECORD

Petitioner was convicted in the Circuit Court of the City of Richmond on April 10, 1985 for malicious wounding and use of a firearm in the commission of a felony. On September 20, 1988, the Court of Appeals of Virginia granted Petitioner an appeal and reversed the convictions on the ground that the trial court had not sufficiently warned Petitioner of the dangers of self-representation. Petitioner's second trial ended in a mistrial. Following a third trial in April 1989, Petitioner was again convicted of malicious wounding and use of a firearm in the commission of a felony, and sentenced to twenty-two years.

Petitioner's court-appointed counsel filed a direct appeal of the April 1989 conviction. On March 26, 1990, the Court of Appeals of Virginia denied the appeal. On June 19, 1990, the Supreme Court of Virginia refused the petition for appeal.

Petitioner filed his first state habeas petition in June of 1999. The petition was dismissed without prejudice because Petitioner attempted to attack separate convictions in a single petition. Petitioner executed his second state habeas petition on April 16, 2000. Petitioner raised the same eight grounds presented in his federal habeas petition. On December 5, 2000, the Supreme Court of Virginia dismissed Petitioner's state petition as untimely under Va.Code § 8.01–654(A)(2). On January 12, 2001, the court denied Petitioner's motion to set aside its judgment. Petitioner executed his instant federal habeas petition on November 13, 2001.

## ANALYSIS

■ Petitioner purports to file his federal habeas petition pursuant to 28 U.S.C. § 2241 rather than § 2254. Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal postconviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. Petitioner has not stated his reason for labeling his petition as seeking relief under § 2241 as opposed to § 2254, but presumably it is an attempt to avoid the application of the statute of limitations set forth under 28 U.S.C. § 2244(d). Petitioners are not permitted to circumvent the procedural requirements and gatekeeping mechanisms of §§ 2254 and 2255 merely by labeling a petition as one brought under § 2241. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997). Unlike 28 U.S.C. § 2255, § 2254 does not contain a provision authorizing the use of § 2241 to challenge a state conviction when § 2254 affords an inadequate remedy. Because § 2254 is the proper statute by which to challenge his state court convictions, Petitioner's federal petition will be treated as one filed pursuant to § 2254.

■ Petitioner moves for summary judgment on the basis that Respondent's responsive pleading was less than one week late. Because as a matter of law Petitioner is not entitled to judgment, Pe-

titioner's motion for summary judgment will be DENIED.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 101 of the AEDPA amended 28 U.S.C. § 2244 to require a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

■ Petitioner was convicted on April 20, 1989. Petitioner appealed his conviction to the Court of Appeals of Virginia and the Supreme Court of Virginia. The Supreme Court of Virginia denied the appeal on June 19, 1990. The time for petitioning the Supreme Court of the United States for a writ of certiorari expired ninety days later, and that is the date on which Petitioner's conviction became final. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir.2000). Because this conviction became final before the enactment of the AEDPA in 1996, the one-year limitation period imposed by the Act began to run on April 24, 1996, the effective date of the Act. *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). Accordingly, Petitioner had until April 24, 1997 to file his federal habeas petition.

■ Petitioner did not execute his federal habeas petition until November of 2001. Petitioner had no state proceedings pending between April 1996 and April 1997, so the tolling provisions of 28 U.S.C. § 2244(d)(2) do not apply. Petitioner has not alleged any facts that would support the application of the alternative provisions of § 2244(d)(1)(B), (C) or (D). Accordingly, Petitioner's habeas petition is untimely. Respondent's motion to dismiss will be GRANTED.

The Clerk of Court is DIRECTED to send a copy of the Memorandum Opinion and the accompanying Order to Petitioner and all counsel of record.

### ORDER

In accordance with the accompanying Memorandum Opinion, it is ORDERED that:

1. Respondent's motion to dismiss is GRANTED;

2. Petitioner's motion for summary judgment is DENIED;

3. Petitioner's claims are DIS-MISSED; and

4. The petition is DENIED.

Petitioner may appeal the decision of the Court. Should he wish to do so, written notice of appeal must be filed with the Clerk of the Court within thirty (30) days of the date of entry hereof.

Let the Clerk send a copy of the Order and accompanying Memorandum Opinion to Petitioner and counsel of record for Respondent.

And it is so ORDERED.