**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-6918**

———————

ALBERT M. MCDOWELL, JR.,

                                    Petitioner - Appellant,

        versus

F. A. BEELER, Warden, FMC Butner; ROY COOPER,
NC Attorney General; JOHN G. BARNWELL,
Assistant Attorney General,

                                    Respondents - Appellees.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr.,
District Judge. (CA-02-188-1)

———————

Submitted: October 29, 2002        Decided: November 13, 2002

———————

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Albert M. McDowell, Jr., Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Albert Mayfield McDowell, Jr., a federal prisoner, seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on his petition filed under 28 U.S.C. § 2254 (2000), in which he sought to challenge a May 3, 1974, state conviction for felonious escape. An appeal may not be taken to this court from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). When a district court dismisses a § 2254 petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). In this case, the dismissal was based on the expiration of the state sentence McDowell sought to challenge, a procedural dismissal. We have reviewed the record and conclude that McDowell has not made the requisite showing, and thus we deny

a certificate of appealability.[*] Moreover, even if the dismissal is not considered procedural, we would still deny McDowell a certificate of appealability because he has not demonstrated "that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." Slack, 529 U.S. at 484; see also 28 U.S.C. § 2253(c)(2). Accordingly, we deny a certificate of appealability, deny in forma pauperis status, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Nor has McDowell stated a viable claim under 28 U.S.C. § 2255 (2000), as the district court held, based upon the use of the prior state conviction to enhance his federal sentence. While the district court inadvertently relied upon the wrong conviction (a 1989 drug conviction) in its analysis of the timeliness of McDowell's claim under § 2255, analysis based upon the proper conviction (possession of a firearm) yields the same result because the Supreme Court denied a writ of certiorari for McDowell's possession of firearm conviction on February, 22, 2000. Therefore, McDowell's petition for writ of habeas corpus dated March 4, 2002, is untimely. See 28 U.S.C. § 2255. Moreover, McDowell may not raise a claim relative to the federal sentence he currently is serving under 28 U.S.C. § 2241 (2000), because he may do so only if he has no adequate or effective remedy under § 2255. Id.; In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). The fact that McDowell's challenge is untimely under § 2255 does not render his remedy under § 2255 inadequate and ineffective. In re Jones, 226 F.3d at 333; In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

3