**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7034**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

FRANK LATHAN HINTON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:94-cr-00106-RAJ-1; 2:94-cv-01224)

Submitted:  September 10, 2009      Decided:  October 2, 2009

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

Frank Lathan Hinton, Appellant Pro Se.  Dana James Boente, Acting United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Lathan Hinton appeals a district court order construing his pleading as being filed under 28 U.S.C.A. § 2255 (West Supp. 2009) and dismissing the pleading without prejudice because it was a second or successive § 2255 motion and this court had not authorized the filing. We have reviewed the record and Hinton's pleading and find that it should have been construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (2006) because Hinton was challenging the execution of his sentence, claiming his sentence was complete. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition."). However, Hinton should have filed the § 2241 petition in the district in which he is currently confined. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000); see also Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Thus, regardless of whether the pleading was a § 2255 motion or a § 2241 petition, the district court did not have jurisdiction. Hinton is currently confined in a federal penitentiary in West Virginia and he filed his petition in the Eastern District of Virginia. United States v. Poole, 531 F.3d

2

263, 273-74 (4th Cir. 2008) (nothing in the habeas corpus statute that would allow the court that originally sentenced the petitioner to have jurisdiction over the § 2241 petition). Even if his pleading was properly construed as a § 2255 motion, the district court did not have jurisdiction because this court did not give authorization under 28 U.S.C. § 2244 (2006) and § 2255 to file a second or successive motion.

Accordingly, because the district court did not have jurisdiction over the petition because Hinton was challenging the execution of his sentence, we deny the application for a certificate of appealability as moot and affirm the district court's order as modified.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED AS MODIFIED</u>

---

[*] We note Hinton currently has a 28 U.S.C. § 2241 (2006) petition pending in the United States District Court for the Northern District of West Virginia that was transferred from the United States District Court for the Eastern District of Virginia. <u>See</u> <u>Hinton v. Warden, United States Penitentiary – Hazelton</u>, No. 2:09-cv-00096-REM-JES (N.D. W. Va.). The disposition of this appeal shall have no bearing on that case.