**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-7927**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEAN LAMONT DUDLEY, a/k/a John D. Brown,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:99-cv-00152-RLV; 5:97-cr-00001-RLV-1)

_____

Submitted: February 26, 2013          Decided: March 1, 2013

_____

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Sean Lamont Dudley, Appellant Pro Se.  Robert J. Higdon, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Lamont Dudley seeks to appeal the district court's order construing his Fed. R. Civ. P. 60(b) motion for relief of judgment as a 28 U.S.C.A. § 2255 (West Supp. 2012) motion and denying it on its merits. Because Dudley's motion was a successive and unauthorized § 2255 motion, see 28 U.S.C.A. § 2255(h); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997), the district court was obligated to dismiss the motion, see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), and the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Jones v. Braxton, 392 F.3d 683, 688-89 (4th Cir. 2004).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S.

2

at 484-85. We have independently reviewed the record and conclude that Dudley has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Dudley's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. See Winestock, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h). Dudley's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3