**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

---

EDWIN GAYLE BROWNING,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

No. 00-7096
(E. Dist. Okla.)

---

ON APPLICATION FOR AUTHORIZATION TO FILE
SECOND OR SUCCESSIVE HABEAS MOTION
UNDER 28 U.S.C. § 2255

---

Howard A. Pincus, Assistant Federal Public Defender (Michael G. Katz, Federal
Public Defender and Vicki Mandell-King, Assistant Federal Public Defender, with
him on the briefs), Denver, Colorado, for Petitioner-Appellant.

Nina Goodman, Department of Justice, Washington, D.C. (Daniel G. Webber, Jr.,
United States Attorney, Leslie M. Maye, Assistant U.S. Attorney, Western District
of Oklahoma; Bruce Green, United States Attorney and Paul G. Hess, Assistant
U.S. Attorney, Eastern District of Oklahoma; and Michael A. Rotker, Department
of Justice, Washington, D.C., with her on the brief), for Respondent-Appellee.

---

Before **TACHA,** Chief Judge, **SEYMOUR**, **BALDOCK, BRORBY, EBEL,
KELLY, HENRY, BRISCOE, LUCERO** and **MURPHY**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

---

Edwin Gayle Browning requests leave to file a second or successive application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (1996), arguing the Supreme Court's recent decision in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), renders his sentence unconstitutional. We may grant leave to file such an application if it relies upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. We granted en banc review to consider the following two questions: (1) the proper retroactivity test under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), for authorization to file second or successive habeas petitions; and (2) whether *Apprendi* enunciates "a new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court" within the meaning of section 2255.[1]

For the reasons set out below, we hold the proper retroactivity test for second or successive habeas applications under AEDPA is whether the Supreme Court has specifically declared the new rule to be retroactive to cases on collateral review. We further hold that the Court has not yet done so for

---

[1] We consolidated Mr. Browning's application with another pro se application for permission to file a second or successive petition, appointed joint counsel for both, and heard oral arguments on both. As the other application raises an issue not relevant to Mr. Browning's petition, however, we have now severed the two applications and will issue separate decisions.

*Apprendi*.  Consequently, we deny Mr. Browning's request for leave to file a habeas motion.

# I

## JURISDICTION

As a preliminary matter, we note that 28 U.S.C. § 2244(b)(3)(D), made applicable to federal prisoners by section 2255 para. 8, provides that courts should grant or deny authorization to proceed with second or successive habeas motions within thirty days of a request.  Petitioner's request was filed in August 2000, and the thirty-day period has expired.  Nevertheless, we agree with other circuits that the time limit in section 2244(b)(3)(D) is "hortatory or advisory rather than mandatory."  *Rodriguez v. Bay State Correct'l Ctr.*, 139 F.3d 270, 272 (1st Cir. 1998) (quoting *In re Siggers*, 132 F.3d 333, 336 (6th Cir. 1997), and noting statute attaches no consequences to noncompliance), *abrogated on other grounds*, *Bousley v. United States*, 523 U.S. 613 (1998); *see also Gray-Bey v. United States*, 201 F.3d 866, 867-69 (7th Cir. 2000); *Galtieri v. United States*, 128 F.3d 33, 36-37 (2d Cir. 1997); *In re Vial*, 115 F.3d 1192, 1194 n.3 (4th Cir. 1997) (en banc).  While we will consider most section 2255 motions within the allotted thirty days, this case represents the more complex situation for which that

limit is not practicable. We are convinced we continue to have jurisdiction over such motions notwithstanding the expiration of the thirty-day period.

## II

## HABEAS APPLICATIONS UNDER AEDPA

The first specific question we asked the parties to address is: Does the retroactivity analysis set out in *Teague v. Lane*, 489 U.S. 288 (1989), and subsequent Supreme Court jurisprudence interpreting *Teague* survive AEDPA, and if not, what is the proper retroactivity test under AEDPA for authorization to file second or successive habeas petitions? We hold that, while a *Teague* analysis remains applicable to *initial* habeas applications raising new rules of constitutional law under section 2255, the proper test on a *second or successive* application is merely to ask whether the rule has been made retroactive by the Supreme Court. We further hold that a rule is "made retroactive" by the Court only if the Court actually applies the rule retroactively, or makes some explicit statement regarding retroactivity.

Applications by federal prisoners for a writ of habeas corpus are governed by 28 U.S.C. § 2255, which provides that a prisoner who

> claim[s] the right to be released upon the ground that the sentence
> was imposed in violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to impose such
> sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id*. para. 1. Section 2255 establishes varying procedures for initial and for second or successive habeas applications.

*Initial* motions under section 2255 are to be filed with and considered by the court which imposed the sentence, with certain options for appeal thereafter. *See id*. para. 1-5; *see also In re Hanserd*, 123 F.3d 922, 925 (6th Cir. 1997) (discussing differences between section 2255 motions and traditional habeas petitions). If the basis for relief depends upon a new rule of constitutional law announced after the conviction became final, consideration of the motion proceeds under the analytical framework established by the Supreme Court in *Teague*. Under the *Teague* analysis, new rules of constitutional law shall not be available retroactively to prisoners seeking collateral habeas review unless they either place a class of private conduct beyond the power of the state to proscribe, or define a "watershed" rule of criminal procedure that implicates the fairness and accuracy of a criminal proceeding on a fundamental level. 489 U.S. at 311; *see also Tillman v. Cook*, 215 F.3d 1116, 1121-22 (10th Cir. 2000) (applying *Teague*). *Teague*'s retroactivity analysis thus determines whether the new rule is applicable to an *initial* motion for collateral habeas relief. *See Teague*, 489 U.S. at 300-01.

Prisoners who have been denied habeas relief on past applications may seek the benefit of new rules of constitutional law through *second or successive* applications under section 2255, but the procedural framework differs markedly from that followed for initial applications. As established by AEDPA, the federal courts of appeals play an initial "gatekeeping" role in granting or denying a prisoner authorization to proceed in district court with a second or successive application for a writ of habeas corpus. An application may progress only if the court of appeals certifies that it relies on either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 para. 8. Thus, for a previously unavailable new rule of constitutional law to be raised in a second or successive habeas application after AEDPA, the sole requirement is that the rule have been "made retroactive to cases on collateral review by the Supreme Court." *Id.*

While it is clear that the retroactivity determination for second or successive habeas applications belongs wholly to the Supreme Court, AEDPA provides no guidance regarding when or how the Court "makes" a rule retroactive. The government argues section 2255 requires an actual retroactive

application of a new rule by the Court, or specific language by the Court to that effect. *See, e.g., In re Vial*, 115 F.3d at 1197 ("[A] new rule of constitutional law has been 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding."). Mr. Browning claims the statutory language is not so limited, and that the Supreme Court has "made" a case retroactive if the principles of *Teague* are met in a given case, as determined by the circuit deciding the issue.

Mr. Browning relies upon *West v. Vaughn*, 204 F.3d 53, 59-61 (3rd Cir. 2000), in which the Third Circuit held that "made retroactive" is a broad phrase which can be met whenever the Supreme Court's jurisprudence makes clear that a new rule should be applied retroactively. In *West*, the Third Circuit applied *Teague* and held a new rule retroactive after the Supreme Court declared in a direct appeal that violation of the rule would be considered structural error. *See id.* at 60. The Ninth Circuit also recently held a new rule to be retroactive under *Teague*, determining that "Congress incorporated *Teague*'s retroactivity analysis" when enacting AEDPA. *Flowers v. Walter*, No. 99-35552, 2000 WL 33157575, at *4, 9 (9th Cir. Feb. 9, 2001) (per curiam). Other circuit courts have disagreed with this approach, holding that the Supreme Court must specifically hold a new

rule to be retroactive before the new rule can be invoked in second or successive habeas applications. *See, e.g.*, *In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000) (per curiam); *Rodgers v. United States*, 229 F.3d 704, 706 (8th Cir. 2000) (per curiam); *Talbott v. Indiana*, 226 F.3d 866, 868-69 (7th Cir. 2000); *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000) (per curiam); *Sustache-Rivera v. United States*, 221 F.3d 8, 15 (1st Cir. 2000); *In re Vial*, 115 F.3d at 1197.[2]

We agree with those circuits holding that section 2255 requires us to await some specific guidance by the Supreme Court, rather than to apply *Teague*'s retroactivity analysis, before we may grant leave to proceed with second or successive habeas applications which rely on new rules of constitutional law. AEDPA was intended to streamline the habeas application process, and our role as gatekeeper is a limited one. Analyzing the Court's body of jurisprudence with regard to each new rule of constitutional law would be inconsistent with this limited role and could lead to unnecessarily varied results among the circuits. We

---

[2] The Supreme Court recently granted a writ of certiorari in *Tyler v. Cain*, 121 S.Ct. 654 (2000), on the following questions: "(1) Does petition for a writ of habeas corpus asserting a claim of error under *Cage v. Louisiana* [the case at issue in *West*] rely on 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,' within the meaning of 28 U.S.C. § 2244(b)(2)(A)? (2) Should new rule of constitutional law announced by this Court in *Cage v. Louisiana* be made retroactively applicable to petitioners seeking collateral review of their convictions?" *Tyler v. Cain*, No. 00-5961, 69 U.S.L.W. 3393 (2000). The Court's upcoming decision in *Tyler* may answer the questions we address here.

therefore must look for specific guidance from the Court in considering whether *Apprendi* has been made retroactive to cases on collateral review.

## III

## RETROACTIVE APPLICATION OF *APPRENDI*

The second question we asked the parties to address is: Does *Apprendi* enunciate "a new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court"?  Mr. Browning seeks to challenge his sentence under *Apprendi*, which establishes that, contrary to the nearly universal sentencing practices of the past several years, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  120 S.Ct. at 2362-63.  Although *Apprendi* did not explicitly include indictment practices in the rule, it suggested that the relevant facts must be included in an indictment as well. *See id.* at 2356-57.  We so held in *United States v. Jones*, 235 F.3d 1231, 1235 (10th Cir. 2000) (drug quantity must be included in indictment after *Apprendi*). *Accord United States v. Keith*, 230 F.3d 784, 786-87 (5th Cir. 2000) (same); *United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000) (same).

Edwin Browning pled guilty in 1994 to charges of methamphetamine distribution and possession of a stolen motor vehicle and was sentenced to

concurrent terms of 292 and 120 months' imprisonment. *See United States v. Browning*, 61 F.3d 752 (10th Cir. 1995) (affirming conviction). He filed a first petition for habeas corpus relief in 1997, claiming his guilty plea was involuntary and challenging the application of various sentencing enhancements to his case. That petition was denied and not subsequently appealed. Mr. Browning now argues application of *Apprendi*'s rules would result in a reduction of his sentence. Because Mr. Browning has filed a previous habeas motion, he must seek permission from this court to proceed under section 2255.

Mr. Browning asks us to extend the rule of *Apprendi* to second or successive habeas motions, which we cannot do unless it is a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255 para. 8(2). Because the rule set forth in *Apprendi* is rooted in the jury trial and due process guarantees of the Sixth and Fourteenth Amendments, it can fairly be called a "new rule of constitutional law" under section 2255. *See Apprendi*, 120 S.Ct. at 2355-56 ("at stake in this case are constitutional issues of surpassing importance"); *see also Jones v. Smith*, 231 F.3d 1227, 1236 (9th Cir. 2000) (holding *Apprendi* a "new rule of constitutional law" under *Teague*); *Sustache-Rivera*, 221 F.3d at 14-15 (noting constitutional underpinnings of *Apprendi*). We thus look to the Supreme Court to see whether it has made the rule retroactive to cases on collateral review, and we determine that

-10-

it has not.  To date, the Court simply has been silent on the repercussions of *Apprendi*.  No language in *Apprendi* or in the Supreme Court's later decisions even hints at the Court's decision to make the rule retroactive to cases on collateral review.  Under the specific requirements of AEDPA, we must await that decision.

In declining to authorize second or successive habeas motions by retroactively applying *Apprendi*, we agree with every other circuit that has ruled on the issue thus far.  *See In re Tatum*, 233 F.3d at 859; *Rodgers*, 229 F.3d at 706; *Talbott*, 226 F.3d at 868-69; *In re Joshua*, 224 F.3d at 1283; *Sustache-Rivera*, 221 F.3d at 15.  Consequently, we must deny Mr. Browning's request for leave to file a habeas application based on *Apprendi.*

We note, however, that his application is currently "futile, not fatal." *Talbott*, 226 F.3d at 869.  Because potentially meritorious claims may not be considered unless or until the Supreme Court makes *Apprendi* applicable to collateral review, our decision does not rest upon the merits of the claim.  We therefore dismiss Mr. Browning's motion without prejudice in the event of future action by the Supreme Court.

**V**

**CONCLUSION**

For the reasons stated above, Edwin Browning's request for leave to file a second or successive habeas motion is **DENIED** without prejudice.

*Browning v. United States*, No. 00-7096

**MURPHY**, Circuit Judge, with whom **HENRY**, Circuit Judge, joins, dissenting.

I respectfully dissent from the majority's conclusion that the "made retroactive" language in paragraph eight of 28 U.S.C. § 2255 is triggered only if (1) the Supreme Court explicitly states that the newly recognized constitutional right applies retroactively or (2) the Court applies the rule retroactively. Instead, I would hold that a new constitutional rule announced by the Supreme Court is "made retroactive" to cases on collateral review when that new rule satisfies the rigorous test set out by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989).

The Supreme Court's grant of *certiorari* in *Tyler v. Cain*, 121 S. Ct. 654 (2000), *see* Majority Op. at 8 n.2, would appear to obviate the need to set forth a detailed analysis of my views in this regard. As a consequence, I merely note that I am convinced by the analyses of the Third Circuit in *West v. Vaughn*, 204 F.3d 53, 58-63 (3d Cir. 2000) and the Ninth Circuit in *Flowers v. Walter*, No. 99-35552, 2000 WL 33157575, at *3-*6 (9th Cir. Feb. 9, 2001). Furthermore, the statutory language in § 2254(d)(1) demonstrates that when Congress sought to require an explicit Supreme Court ruling, it knew how to do so. *See* 28 U.S.C. § 2254(d)(1) (providing that a state prisoner is entitled to habeas relief only if the relevant state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

*determined* by the Supreme Court" (emphasis added)).  Finally, the majority's

interpretation of the eighth paragraph of § 2255 is at odds with a primary goal of

the AEDPA: to have postconviction claims resolved at the earliest possible

opportunity.  *See Williams v. Taylor*, 120 S. Ct. 1495, 1509 (2000) (opinion of

Stevens, J.) (noting that one purpose of AEDPA is to "curb delays"); *id.* at 1518

(opinion of O'Connor, J.) (same); *see also* 28 U.S.C. § 2255 para. 6 (setting forth

one-year statute of limitations to the bringing of a § 2255 petition).