**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 7 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONNIE R. MOCK,

Defendant-Appellant.

No. 00-3036
(D.C. No. 98-CV-3053)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **ANDERSON** , and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Ronnie Mock seeks a certificate of appealability from the district court's denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2255. The parties are familiar with the facts and procedural background to this case, so we need not recite them here.

We may grant a certificate of appealability "only if the applicant has made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After a careful review of the briefs, the record, and the district court's ruling, we decline to issue a certificate of appealability and dismiss Mr. Mock's appeal. The district court wrote a lengthy, thorough, and well-reasoned opinion. We agree with its analysis and ultimate decision to deny habeas relief.

The district court did not address one of two ineffective assistance of counsel claims on which Mr. Mock seeks a certificate of appealability. Mr. Mock alleges that his constitutional rights were violated when his trial lawyer failed to object to the quantity of cocaine mentioned in the presentence report, a finding relied upon by the district court to calculate his prison sentence. He mentioned this claim only incidentally in his pro se petition, a passing reference without supporting facts or argument. We need not consider whether Mr. Mock has adequately preserved his claim, for after reviewing it on its merits we conclude that he has not made the showing required of 28 U.S.C. § 2253(c)(2).

Additionally, Mr. Mock has raised for the first time on appeal a claim arising under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was decided one week after the district court rejected his § 2255 petition. He alleges that the district court's post-conviction finding regarding drug quantity triggered application of a statutory minimum sentence, and thus subjected him to a higher range of penalties in violation of the rule announced in *Apprendi*. He seeks a certificate of appealability to pursue this claim.

This court has not yet addressed whether *Apprendi* is implicated by facts triggering application of a statutory minimum sentence. Nor have we determined whether *Apprendi* is retroactively available in an initial habeas petition. *See Browning v. United States*, 241 F.3d 1262, 1264 (10th Cir. 2001). Similarly, we have not considered whether a failure to raise *Apprendi* on direct appeal bars habeas review under the rules governing procedural defaults. However, because Mr. Mock did not raise any sort of challenge to the district court's finding regarding drug quantity in his petition below, we decline to address it here. *See Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 814 n.22 (10th Cir. 1995) (noting that in the absence of extraordinary circumstances this court will not consider issues raised for the first time on appeal).

We DENY Mr. Mock's application for COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge