MURPHY, Circuit Judge,
dissenting.
I respectfully dissent. I continue to adhere to the views expressed in my dissenting opinion in Browning v. United States, 241 F.3d 1262, 1267 (10th Cir.2001) (en banc) (Murphy, J., dissenting). To clarify, I agree that only new rules of constitutional law announced by the Supreme Court, as opposed to such rules announced by a lower federal court, can support the filing of a second or successive petition under § 2255 para. 8. See Majority Op. at 30. I continue to differ with my colleagues in the majority, however, with regard to the question of whether having announced such a rule, only the Supreme Court can determine whether the new rule satisfies Teague. See Browning, 241 F.3d at 1267 (Murphy, J., dissenting). Furthermore, because I continue to believe that § 2255 para. 8 codifies rather than replaces Teag-ue, I also harbor serious doubts as to whether § 2255 para. 8 reworks the pre-AEDPA requirement of cause and prejudice. As I noted it my dissent in Browning, it appears the Supreme Court will resolve at least part of this puzzle when it announces its decision in Tyler v. Cain, - U.S.-, 121 S.Ct. 654, 148 L.Ed.2d 558 (2000). See generally Brief for Petitioner, Tyler v. Cain, No. 00-5961, 2001 WL 98964 (asserting that § 2244(b)(2)(A), the parallel provision to § 2255 para. 8, codifies rather than displaces Teague, leaving intact the power of the Circuit Courts of Appeals to determine whether a new *1200 rule of constitutional law announced by the Supreme Court satisfies Teague).