**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAFAEL SIFUENTES,

    Defendant-Appellant.

No. 01-6051

(D.C. Nos. 00-CV-1834-C,
97-CR-152-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Defendant Rafael Sifuentes seeks a certificate of appealability to appeal the denial

of his 28 U.S.C. § 2255 motion to vacate his sentence. Because he has failed to make a

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

"substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny a certificate of appealability and dismiss the appeal.

Sifuentes was convicted of conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846. After attributing 10,860 pounds (or 4,926 kilograms) of marijuana to Sifuentes, the district court sentenced him to 210 months' imprisonment. His conviction and sentence were affirmed on direct appeal. See United States v. Sifuentes, No. 98-6146, 1999 WL 987187 (10th Cir. 1999). We concluded the evidence presented at trial was sufficient to support Sifuentes' conviction and that the district court did not commit clear error in calculating the quantity of marijuana attributable to Sifuentes for purposes of sentencing.

In his § 2255 motion to vacate sentence based upon Apprendi v. New Jersey, 530 U.S. 466 (2000), Sifuentes argued that because the indictment did not allege, and the jury was not required to find beyond a reasonable doubt, the specific quantity of marijuana, he was subject to either the one-year statutory maximum sentence set forth in 21 U.S.C. § 841(b)(4), or, alternatively, the five-year statutory maximum sentence set forth in § 841(b)(1)(D). The district court denied relief. The court agreed that "in a case involving marijuana and in the absence of a jury verdict finding the amount of marijuana involved, Apprendi would mandate a maximum sentence of 5 years as provided by § 841(b)(1)(D)." App. at 153. However, the court concluded that because the issue was first raised in a § 2255 motion, it was subject to review, if at all, for plain error. Applying

2

a plain error analysis, the court concluded Sifuentes could not establish prejudice, i.e., that the result would have been different had the jury properly been instructed to determine the quantity of marijuana involved in the conspiracy. Id. at 154 (citing United States v. Keeling, 235 F.3d 533 (10th Cir. 2000), cert. denied, 121 S. Ct. 2575 (2001)). More specifically, the court concluded the evidence presented at trial overwhelmingly established that more than 50 kilograms of marijuana (the amount necessary to implicate the twenty-year statutory maximum sentence under § 841(b)(1)(C)) was attributable to Sifuentes. Id. at 155 ("To say that had the jury been properly charged it would not have found beyond a reasonable doubt that Defendant was responsible for distribution of at least 110.23 pounds [of marijuana] is incredible.").

We note initially that it is unsettled in this circuit whether Apprendi applies retroactively to initial § 2255 motions. See United States v. Sanders, 247 F.3d 139, 151 (4th Cir.) (concluding Apprendi did not apply retroactively to collateral review of initial § 2255 motion), cert. denied, 122 S. Ct. 573 (2001); see also Browning v. United States, 241 F.3d 1262, 1266 (10th Cir. 2001) (en banc) (concluding Apprendi does not apply to second or successive habeas petitions, absent express direction from the Supreme Court); Jones v. Smith, 231 F.3d 1227, 1238 (9th Cir. 2000) (concluding Apprendi did not apply retroactively to collateral review of § 2254 motion). We find it unnecessary to resolve the issue, however, because even assuming Apprendi does apply retroactively to initial § 2255 motions, Sifuentes is clearly not entitled to relief.

3

Applying a cause and actual prejudice standard, see United States v. Frady, 456

U.S. 152, 164-67 (1982) (holding that the "cause and actual prejudice" standard, rather

than the "plain error" standard, is applicable in § 2255 proceedings), we are confident that

Sifuentes "suffered no actual prejudice of a degree sufficient to justify collateral relief."

Id. at 167.  In rejecting Sifuentes' direct appeal, we noted that three of Sifuentes'

coconspirators testified at trial regarding the quantity of marijuana with which Sifuentes

was involved.  Sifuentes, 1999 WL 987187 at *3-4, 9.  This included testimony that (1)

Sifuentes helped in delivering several hundred pounds of marijuana to the residence of a

coconspirator in September 1995, (2) "that from March 1997 to July 1997, [Sifuentes]

organized the delivery and distribution of approximately ten loads of marijuana, each of

which contained between 300 and 500 pounds," and (3) that Sifuentes sold approximately

200 pounds of marijuana to a coconspirator.  Id. at *4.  We further noted that the

testimony of these coconspirators "possesse[d] several . . . indicia of reliability."  Id. at

*9.  In particular, the coconspirators "knew and identified Defendant as the same Rafael

Sifuentes who was involved in the operation and that they had personal knowledge of the

events at issue," "there [wa]s no evidence that the conspirators' statements were coerced,"

the testimony of two of the three coconspirators "was detailed as to amounts and dates

and corroborated the other's testimony," and "because each of the coconspirator's

statements tend[ed] to incriminate the speaker, they c[ould] be said to be against his or

her penal interest."  Id.  We therefore agree with the district court that the evidence

4

presented at trial overwhelmingly established that more than 50 kilograms of marijuana (the amount necessary to trigger a twenty-year maximum sentence under § 841(b)(1)(C)) was attributable to Sifuentes. We further agree with the district court that, given this evidence, Sifuentes has failed to establish any entitlement to collateral relief based upon Apprendi. See Keeling, 235 F.3d at 539-40 (concluding defendant was not entitled to relief under Apprendi on direct appeal because evidence presented at trial overwhelmingly established defendant possessed with intent to distribute approximately 150 pounds of marijuana).

We note that Sifuentes has also asserted a facial challenge to 21 U.S.C. § 841, arguing that Apprendi rendered the statute unconstitutional as written. As Sifuentes acknowledges in his appellate brief, his argument is foreclosed by our decision in United States v. Cernobyl, 255 F.3d 1215, 1218-19 (10th Cir. 2001).

Sifuentes' request for a certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge