**Miguel Salgedo ROMAN, Petitioner–Appellant,**

v.

**Charles PETERSON, Respondent–Appellee.**

No. 01–6202.

United States Court of Appeals, Tenth Circuit.

April 18, 2002.

Before KELLY, McKAY, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT *

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a pro se federal prisoner appeal from a district court order dismissing a 28 U.S.C. § 2241 action for failure to state a claim. Though Mr. Roman's appeal was docketed one day after the sixty-day Federal Rule of Civil Procedure 4(a)(1)(B) deadline expired, Mr. Roman mailed his notice of appeal before the expiration of the deadline. Therefore, we have jurisdiction.

While Mr. Roman characterized his petition as one arising under § 2241, his challenge to the validity of his sentence is actually governed by 28 U.S.C. § 2255. In his petition, Mr. Roman argued for retroactive application of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court noted that even if it construed the complaint as one arising under § 2255 it would have to dismiss the complaint because Mr. Roman was convicted in South Carolina, not Oklahoma. Furthermore, our recent decision in *Browning v. United States*, 241 F.3d 1262 (10th Cir. 2001), held that *Apprendi* does not apply retroactively to successive habeas petitions.

We AFFIRM the trial court's decision for substantially the reasons stated therein. Appellant's motion to proceed in forma pauperis on appeal is DENIED.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.