**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

BOBBY GENE WALDRUP,

  Defendant - Appellant.

No. 00-5241
(D.C. No. 99-CV-993-C,
98-CR-25-C)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Bobby Gene Waldrup challenges a district court order denying his request for re-consideration of an argument made in his earlier motion to vacate, set aside,

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

or correct his sentence under 28 U.S.C. § 2255. Previously, we granted a certificate of appealability, *see* 28 U.S.C. § 2253(c), on Mr. Waldrup's claim that the district court should have required his federal sentence to run concurrently with his state sentence.

Upon a thorough review of the record and the arguments presented, we conclude that Mr. Waldrup is not entitled to relief. We vacate the district court's order because the appealed ruling addressed a second or successive § 2255 motion which, under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), may not be filed in the district court without authorization from this court. Further, we determine that the certificate of appealability was improvidently granted.

## I.

While in state custody on drug charges, Mr. Waldrup was temporarily transferred to federal custody, under a writ of *habeas corpus ad prosequendum*, for proceedings relating to a charge of illegal possession of a sawed-off shotgun in violation of 18 U.S.C. § 922(g)(1), (g)(8) and 26 U.S.C. § 5841. He entered a guilty plea to the federal charge and was sentenced to thirty-months' imprisonment. Because no other sentence was imposed at the time, the federal sentence was silent as to whether it was to run concurrently or consecutively with a later-imposed state sentence.

Mr. Waldrup then pled *nolo contendere* to unlawful possession of a controlled drug in Tulsa County District Court. The state court sentenced Mr. Waldrup to ten years' imprisonment, indicating that its sentence was to run concurrently with the federal sentence. Mr. Waldrup alleges that he learned later that his federal detainer provided that his federal sentence run consecutively to the state sentence.

Subsequently, Mr. Waldrup filed a *pro se* § 2255 motion in the Northern District of Oklahoma, his trial and sentencing court, primarily on a contention that he had received ineffective assistance of counsel in connection with a search-and-seizure question. The motion also alluded to his concern that his federal sentence was calculated consecutively to the state sentence. The district court denied the § 2255 motion, specifically addressing the sentencing issue. [1]

---

[1]    We note that a federal court is not bound by the determination of a state court as to whether a prisoner's federal sentence should be consecutive or concurrent. *See United States v. Williams*, 46 F.3d 57, 58 (10th Cir. 1995). By statute, if a federal court's order is silent on the issue of order of service, the terms are considered to be consecutive. *See* 18 U.S.C. § 3584(a) (stating that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Thus, when an individual is in the primary custody of a state at the time of federal sentencing, and the federal court does not anticipate a subsequent state court sentence, the Bureau of Prisons applies § 3584(a) to calculate a consecutive term of imprisonment. A state-court judgment imposing a sentence to be run concurrently with a previously-imposed federal sentence has no practical effect on the Bureau's calculation.

Mr. Waldrup did not timely appeal the denial of the § 2255 motion. Almost ten months later, he filed another pleading in district court, denominated as a petition for amended judgment and sentence. That filing repeated his request for an amendment of his federal sentence to make it run concurrently with the state sentence. The district court summarily denied the second request. After the denial, Mr. Waldrup filed a motion in this court which was liberally construed as a notice of appeal. The dispositive issue on appeal concerns the characterization of Mr. Waldrup's second request in the district court.

## II.

A second § 2255 motion submitted by a federal prisoner is "considered successive and barred under AEDPA 'except in very limited circumstances.'" *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (quoting *United States v Kelly*, 235 F.3d 1238, 1241 (10th Cir. 2000)). [2] Under the relevant

---

[2] In pertinent part, § 2255 provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on

(continued...)

-4-

provisions, a § 2255 movant is required to obtain prior authorization from this court before filing a second motion in district court. This court may allow a successive motion "only if there is newly discovered, clearly exculpatory evidence introduced, or if the case raises a new rule of constitutional law that has been made retroactive by the Supreme Court." *United States v. Mora*, No. 01-8020, 2002 WL 1317126, *3 (10th Cir. June 18, 2002) (citing *Browning v. United States*, 241 F.3d 1262, 1265-66 (10th Cir. 2001)).

The "bar against successive § 2255 petitions" may not be avoided "by simply styling a petition under a different name." *Torres,* 282 F.3d at 1246. Otherwise, AEDPA's procedural restraints would be "severely eroded." *Id.* In *Torres*, we determined that a filing styled "petition for a writ of error coram nobis and/or petition for a writ of audita querela," *id.* at 1242, was actually a second or successive § 2255 motion, *id.* at 1246. Similarly, in *Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998), we characterized a § 2254 petitioner's motion for

---

[2](...continued)
      collateral review by the Supreme Court, that was previously
      unavailable.

The cross-referenced provision of § 2244(b)(3)(A) states: "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

reconsideration, filed under Fed. R. Civ. P. 60(b)(6), as a second or successive habeas petition.

Mr. Waldrup's second filing in the district court repeated and reargued a claim made in his § 2255 motion. As a consequence, it amounted to a second or successive motion which could not be filed in the district court without prior authorization from this court. Because Mr. Waldrup did not obtain the required authorization, the district court lacked jurisdiction to decide the reconsideration request. Its order denying Mr. Waldrup's motion, therefore, must be vacated. *Lopez,* 141 F.3d at 974 .

## III.

This court, however, will construe Mr. Waldrup's filings on appeal as an implied application for leave to file a second § 2255 motion. *See Torres* , 282 F.3d at 1246. Our review of these filings discloses that Mr. Waldrup does not meet the required standards for authorization of a second or second motion. He makes no claim of newly discovered evidence and submits no argument relying on a new rule of constitutional law made retroactive by the Supreme Court.

Accordingly, we DENY the implied application for leave to file a second petition in the district court and VACATE the district court's order denying

reconsideration of Mr. Waldrup's original § 2255 motion.  We also vacate this court's grant of a certificate of appealability.  The appeal is DISMISSED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge