**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARTURO BELTRAN-FELIX,

        Petitioner-Appellant,

v.

T. C. PETERSON, Warden,

        Respondent-Appellee.

No. 02-6192

(D.C. No. 02-CV-278-F)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a pro se federal prisoner appeal of the dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. Mr. Beltran-Felix was convicted on drug charges in the United States District Court for Arizona - Tucson and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentenced to three terms of 188 months' imprisonment, with five years supervised release. His conviction was affirmed in part and reversed in part by the Ninth Circuit Court of Appeals. His 28 U.S.C. § 2255 habeas motion was denied by the District Court for Arizona - Tucson on July 3, 1997, and that denial was affirmed by the Ninth Circuit Court of Appeals. The Ninth Circuit also denied Petitioner's request for leave to file a successive § 2255 motion on November 8, 2001.

In his § 2241 petition, Mr. Beltran-Felix alleged that his conviction and sentence violated his Fifth and Sixth Amendment rights because the court relied in part on drug quantity, even though the indictment was silent on the amount of drugs involved. Petitioner relies on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). The magistrate judge recommended that Mr. Beltran-Felix's § 2241 petition be dismissed, concluding that § 2241 was inapplicable to his claims and that he should not be permitted to bypass § 2255 by relying on § 2241. After consideration of Mr. Beltran-Felix's objections, the district court adopted the recommendation and dismissed the petition without prejudice. Mr. Beltran-Felix appeals to this court.

Mr. Beltran-Felix is challenging his sentence and conviction rather than the manner of their execution. Therefore, § 2255 would normally govern. A narrow

exception, known as the Savings Clause, exists under § 2241 which allows petitioners to rely on this section if the remedy pursuant to § 2255 is inadequate and ineffective. Petitioner relies on this exception; however, we hold that the Savings Clause is inapplicable in the instant case.

Petitioner argues that since his prior § 2255 motion predated Apprendi and its progeny he was unable to raise his present claim on appeal or in his prior § 2255 motion. However, we have held that "[f]ailure to obtain relief under [§] 2255 does not establish that the remedy so provided is either inadequate or ineffective." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (citation omitted). Additionally, we note that even if Petitioner's claim had been properly brought under § 2255, an Apprendi challenge may not be raised in a successive § 2255 motion. Browning v. United States, 241 F.3d 1262, 1266 (10th Cir. 2001) (en banc).[1]

After a thorough review of the briefs and the record, and for substantially the same reasons set forth in the district court's Order of May 7, 2002, adopting the Magistrate's Judge's Report and Recommendation, we **AFFIRM** the dismissal

---

[1] Petitioner also argues that the Suspension Clause, U.S. Constitution, Article I, § 9, clause 2, allows him to raise his claims pursuant to § 2241. This argument is without merit.

-3-

of Mr. Beltran-Felix's motion.

Entered for the Court


Monroe G. McKay
Circuit Judge