**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT LEROY BRYAN,

     Movant-Appellant,

v.

MIKE MULLIN, Warden, Oklahoma
State Penitentiary, and RON J. WARD,
Director, Oklahoma Department of
Corrections,

     Respondents-Appellees.

No. 04-6185

**ORDER**

Before **KELLY**, **HENRY**, and **MURPHY**, Circuit Judges.

Robert Leroy Bryan, a convicted murderer, is scheduled to be executed by the state of Oklahoma at 6:00 p.m. on June 8, 2004. In a series of last-minute filings, Bryan seeks, *inter alia*, permission to file a successive 28 U.S.C. § 2254 petition and a stay of execution pending the determination of his request to file a successive petition. Exercising jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A), this court (1) **grants** "Bryan's Emergency Motion for Permission to Proceed In Forma Pauperis," (2) **strikes** "Bryan's Emergency Request for En

Banc Consideration," (3) **denies** "Bryan's Motion for an Order Authorizing the District Court to Consider Second Habeas Corpus Application," and (4) **denies** "Bryan's Emergency Request for Stay of Execution."

This court begins by noting that there is no provision in 28 U.S.C. § 2244(b)(3) for the filing of a request for initial *en banc* consideration of a request to file a second or successive § 2254 habeas petition. Instead, § 2244(b)(3)(B) specifically provides that "[a] motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals." Section 2244(b)(3)(E) further provides that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." Taken together, § 2244(b)(3)(B) and (E) appear to foreclose Bryan's request for initial *en banc* consideration of his request to file a second or successive § 2254 habeas petition. Accordingly, this court strikes Bryan's Emergency Request for En Banc Consideration.

However, we recognize this court has, *sua sponte*, ordered that a request for permission to file a second or successive habeas petition be heard initially *en*

*banc*. *Browning v. United States*, 241 F.3d 1262, 1263 (10th Cir. 2001).[1] It must

be emphasized, however, that there is no discussion in *Browning* of the propriety

of such action in the face of the language in § 2244(b)(3)(B) and (E). *Id.*

*Browning* is not, therefore, a definitive ruling on this jurisdictional question. *See*

*United States v. L.A. Tucker Truck Lines*, 344 U.S. 33, 38 (1952) ("[T]his Court is

not bound by a prior exercise of jurisdiction in a case where it was not questioned

and it was passed *sub silentio*."). Thus, in an abundance of caution, Bryan's

various motions were circulated to all active judges of this court. No judge

requested a poll on the question whether Bryan's request to file a successive §

2254 habeas petition should be heard initially by the *en banc* court and, thus, no

*en banc* consideration is warranted or available.

In his request for permission to file a second or successive habeas petition,

Bryan appears[2] to raise an omnibus assertion that newly discovered evidence

---

[1]Two circuits have specifically concluded that *sua sponte en banc* review of a request for permission to file a second or successive § 2254 habeas petition is appropriate despite § 2244(b)(3)(E). *See In re Byrd*, 269 F.3d 585, 585 (6th Cir. 2001) (en banc); *Thompson v. Calderon*, 151 F.3d 918, 922 (9th Cir. 1998) (en banc). In must be noted, however, that neither *Byrd* nor *Thompson* considered the impact of § 2244(b)(3)(B). *Bryd*, 269 F.3d at 585; *Thompson*, 151 F.3d at 922. Furthermore, one circuit has concluded that *sua sponte* panel rehearing is appropriate despite § 2244(b)(3)(E). *Triestman v. United States*, 124 F.3d 361, 367 (2d Cir. 1997). Because *Triestman* did not involve the question of *en banc* review, § 2244(b)(3)(B) was not implicated in the case.

[2]We use the term "appears" because Bryan's request to file a second or successive § 2254 habeas petition is far from a model of clarity. Furthermore, counsel for Bryan did not attach to his request the petition that he proposes to file

supports "a colorable claim of innocence that undermines the reliability of his conviction and death sentence." Request to File Second § 2254 Habeas Petition at 5. Bryan supports this omnibus claim with the following five subsidiary "claims": (1) bullet comparison evidence used at trial to connect a bullet fragment recovered from the victim with bullets found in Bryan's room is now discredited; (2) hair comparison testimony used to connect the victim to a car rented by Bryan was wholly unreliable; (3) the newly discovered unreliability of the bullet and hair analysis demonstrates that Bryan did not receive full adversarial testing of the prosecution's case at trial; (4) the newly discovered unreliability of the bullet and hair analysis demonstrates that Bryan did not receive a reliable sentencing determination; and (5) the state's failure to disclose these reliability problems at some point well after trial and sentencing was complete is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

The AEDPA strictly limits the filing of second or successive § 2254 habeas petitions. According to § 2244(b),

---

in the district court. This court notes for the benefit of counsel that in the future the better practice would be to attach a copy of the proposed second or successive § 2254 petition to any § 2244(b)(3) request filed in this court. Nevertheless, this court has done its best to parse out the legal claims Bryan seeks to assert in a second or successive petition and to apply the statutory framework set out in § 2244(b)(1) and (2) to those claims.

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1), (2). This court may authorize the filing of a second or successive § 2254 petition "only if [we] determine[] that the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b)(1) and (2). 28 U.S.C. § 2244(b)(3)(C).

This court begins by noting several potential infirmities in Bryan's request to file a second or successive § 2254 habeas petition. First, Bryan's § 2244(b)(3) request could be read as simply stating a single claim of actual innocence. As this court has made clear, however, "an assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas

corpus." *LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001); *see also*

*Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based

on newly discovered evidence have never been held to state a ground for federal

habeas relief absent an independent constitutional violation occuring in the

underlying state criminal proceeding."). Accordingly, this court focuses on

Bryan's assertion that the state suppressed evidence relating to the reliability of

bullet comparison and hair analysis, thereby rendering his guilt and penalty

phases constitutionally unreliable.[3] Second, as this court previously noted in

*LaFevers*, it is far from clear whether a challenge to the propriety of a death

sentence is cognizable under § 2244(b)(2)(B)(ii). 238 F.3d at 1267. As was true

in *LaFevers*, however, this court need not resolve that difficult question because

even assuming such a claim is available, it fails for the reasons set out below.

Finally, in the portion of his request to file a second or successive § 2254 habeas

petition relating to the reliability of his capital sentencing determination, Bryan

---

[3]This court notes serious doubt as to the potential applicability of *Brady v. Maryland*, 373 U.S. 83 (1963), in light of the fact that the evidence relied upon by Bryan to assert the unreliability of the bullet comparison and the hair analysis did not exist until well after the completion of Bryan's direct appeal. It is thus difficult to conceive how such information could have been suppressed by the prosecutors in violation of *Brady*. We need not address this contention, however, because we conclude *infra* that even if the objected-to evidence were totally excised from the trial, the result would have remained unchanged. Hence, Bryan cannot satisfy the requirements of § 2244(b)(2)(B)(ii) and is not entitled to permission to file a second or successive § 2254 habeas petition.

appears to request that this court revisit the question of the effectiveness of his trial counsel. Such a claim is precluded by § 2244(b)(1) which requires dismissal of any claim presented in a second or successive § 2254 habeas petition that was presented in a prior application.

Upon consideration of Bryan's request to file a second or successive § 2254 habeas petition, this court concludes that he has not made a *prima facie* showing that he satisfies the requirements of § 2244(b)(2)(B)(ii). In particular, the evidence of Bryan's guilt was, though almost entirely circumstantial, overwhelming. *See Bryan v. Mullin*, 335 F.3d 1207, 1211-12 (10th Cir. 2003) (en banc) (recounting evidence of Bryan's guilt); *Bryan v. Gibson*, 276 F.3d 1163, 1167-68 (10th Cir. 2001) (same). Considering the clear and convincing evidence standard set out in § 2244(b)(2)(B)(ii), Bryan has simply not come close to making a *prima facie* showing that absent the bullet-comparison evidence and the hair evidence the outcome of either the guilt or sentencing phase of his trial would have turned out differently. Thus, assuming the existence of a viable constitutional claim, *i.e.*, a *Brady* claim, and assuming the claim could not have been previously discovered through the exercise of due diligence, Bryan has still failed to make a *prima facie* showing that he can satisfy the requirements of § 2244(b)(2)(B)(ii). Accordingly, this court **denies** Bryan's request to file a

second or successive § 2254 habeas petition.  Having done so, this court likewise **denies** his request for an emergency stay of execution.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

No. 04-6185, *Bryan v. Mullin*

**Henry**, Circuit Judge, Concurring.


I join the order denying the application for permission to file a successive §
2254 petition. Mr. Bryan is unable to demonstrate that the newly discovered
evidence establishes by clear and convincing evidence that a reasonable fact
finder would not have found Mr. Bryan guilty of the charged offense. *See* 28
U.S.C. § 2244(b).

Although Mr. Bryan cannot satisfy the requirements of § 2244, I reiterate
my dissent from the panel and *en banc* opinions as to Mr. Bryan's ineffective
assistance of counsel and re-urge the State of Oklahoma to "reflect on these
matters and consider settling this case by either agreeing to a new sentencing
phase where a fairly composed jury can evaluate" the compelling evidence of Mr.
Bryan's diseased mental state, "or by renewing its offer of life imprisonment with
no possibility of parole." *See Bryan v. Gibson*, 335 F.3d 1207, 1247 (10th Cir.
2003) (*en banc*) (Henry, J., concurring in part and dissenting in part).

Mr. Bryan received inadequate assistance by inexperienced counsel at the
time of his trial. Given Mr. Bryan's current poor health, the fact that the jury
never learned of his delusions and his previous institutionalization for mental
illness, his execution will contribute to no social purpose.