**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALEX E. POWELL,

    Defendant-Appellant.

No. 04-3262

(D.C. Nos. 03-CV-3386-KHV and
01-CR-20021-KHV)
(D. Kansas)

**ORDER** [*]

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

Alex E. Powell, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his 28 U.S.C.

§ 2255 habeas petition.  We deny the request for a COA and dismiss the appeal.

Issuance of a COA is jurisdictional.  Miller-El v. Cockrell , 537 U.S. 322,

336 (2003).  A COA can issue only "if the applicant has made a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A

petitioner satisfies this standard by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El , 537 U.S. at 327. After careful review, we conclude the requirements for issuance of a COA have not been met.

Powell was convicted by a jury of being a felon in possession of ammunition and a firearm, in violation of 18 U.S.C. § 922(g)(1), and his direct appeal was affirmed. See United States v. Powell , 2002 WL 700931 (10th Cir. 2002). He filed his § 2255 petition on September 29, 2003, arguing ineffective assistance of trial and appellate counsel. The district court concluded the claims did not satisfy the standards set forth in Strickland v. Washington , 466 U.S. 668, 687, 694 (1984). The court denied a COA for failure to make a substantial showing of the denial of a constitutional right. Powell also requested that the court reduce his sentence in light of Blakely v. Washington , 124 S. Ct. 2531 (2004). The court found it had already ruled on Powell's first § 2255 motion and only a Court of Appeals has authority to grant a second or successive petition.

As an initial matter, Powell has filed a motion to supplement his pending COA application for consideration of the decisions in Blakely , and United States v. Booker , ___ U.S. ____ (No. 04-104 Jan. 12, 2005). In Booker , the Court did not hold the case to be retroactive to cases on collateral review ( see Tyler v. Caine , 533 U.S. 656, 662 (2001)). Moreover, Blakely and Booker rely on Apprendi v. New Jersey , 530 U.S. 466 (2000), which do not apply retroactively to

2

successive habeas petitions ( <u>see</u> <u>Browning v. United States</u>, 241 F.3d 1252, 1265 (10th Cir. 2001)), or even to initial habeas petitions ( <u>see</u> <u>United States v. Mora</u>, 293 F.3d 1213, 1218-19 (10th Cir. 2002)).

We DENY the pending motion to supplement the COA application. We DENY the request for a COA and DISMISS the appeal for substantially the same reasons as stated in the district court's order dated June 16, 2004.

Entered for the Court

Mary Beck Briscoe
Circuit Judge